## FRANKLIN SHROPSHIRE v. ISAIAH OFFUT.

**Execution—Redemption—Parol Evidence.**

The right of an execution defendant to redeem land sold under execution, can not be established by parol evidence of the execution defendant alone.

### APPEAL FROM BOURBON CIRCUIT COURT.

April 2, 1874.

OPINION BY JUDGE PRYOR:

The evidence in this case conduces to show that there was an understanding, and perhaps an agreement, between the appellee, Offut, and Benjamin T. Shropshire, by which the latter had the right to redeem the land purchased by Offut under the executions against him. The retention of the possession by Shropshire, and the failure of the appellee to deny this allegation made in the answer and cross-petition of Frank Shropshire, authorize this conclusion. We are satisfied, however, from the proof, that this redemption has never taken place, and the testimony offered by appellants on this branch of the case is not only inconsistent, but incredible. B. T. Shropshire, whose land had been sold, was insolvent; his brother Frank had but little means, and scarcely any property that could have been subjected to the payment of his debts by execution. A large sum of money is professed to have been paid by Frank Shropshire to B. T. Shropshire as the agent of the appellee, Offut, and receipts given therefor, signed Frank Offut, by B. T. Shropshire. These receipts are carefully prepared, well written, and evidence a knowledge of business transactions. They each recite that the money was paid for land sold by B. T. Shropshire as the agent of Offut. The two brothers, one selling to the other the land of a third party, received the money, both being insolvent (or the one receiving the money, at least), and without any written authority from the owner evidencing the agency, and there being no receipt showing that Offut had ever received the money alleged to have been paid by the one brother to the other on this parol sale. B. T. Shropshire, the brother whose land was sold, swears that he had paid to Offut the amount of this land, the redemption money, prior to the sale made by himself to his brother,

Frank, and had taken no receipt therefor. It cannot well be believed that these large payments would have been made by B. T. Shropshire without his obtaining some written memorandum of the payments, or still more, to say that all this authority to sell and collect by one insolvent man, was authorized, sanctioned, and ratified by Offut on the character of testimony on which this right to sell and collect is based. B. T. Shropshire executed to his brother a specific receipt whenever a payment was made by the latter, but as to Offut, assumes to have sold his (Offut's) land by parol authority, and when paying him money, however large the sum, neither exacted nor obtained any receipt therefor. If what B. T. Shropshire says is true, he had paid to Offut all the redemption money before he sold the land to his brother, Frank, and there was no reason for his selling it as Offut's agent or collecting the money as such. The title may have been in Offut, but this affords no excuse for using the latter's name in receiving the money when he had no interest in it. The right to redeem by a parol agreement, to sell by parol authority, and to pay the money without any receipt, is maintained to exist by reason of the testimony of one who is the real defendant in the action, and whose interest is in direct antagonism to the appellee.

There is not the mark of a pen between B. T. Shropshire and Offut in any of these important business transactions, and when asked to divest the appellee of such rights by reason of this supposed verbal authority, we must say that it comes in such a questionable shape as that no chancellor can regard it. Frank Shropshire insists that he has purchased this land of his brother, and if so, he cannot satisfy Offut's lien. He should be allowed to amend his pleading for the purpose only of electing to take the land or of rescinding the contract. If rescinded, he must look to his brother for the money, if he has paid any. When Offut is paid, either the one brother or two will be entitled to a deed.

If the appellant elects to abide by his contract, and refuses or fails to pay the money, the chancellor will subject the land to its payment. If he elects to rescind, the appellee will be forced in possession unless B. T. Shropshire should redeem.

The parties may take proof only as to the amount paid by Offut for the land, as it cannot well be ascertained from the pleadings.

The judgment is reversed and cause remanded for further proceedings consistent with this opinion.

*Davis, Huston, for appellant.*

*Johnson, Brown, for appellee.*